SMITH, Respondent, vs. CLARKE, Appellant.

*November 3 — November 22, 1887.*

70  137
82  578

*Change of venue: Prejudice: Affidavit.*

An affidavit made upon an application for a change of the place of trial on the ground of prejudice of the judge, stating that the affiant " has reason to fear, and does fear, that he cannot have a fair trial," instead of " has reason to believe, and does believe," etc., as required by sec. 2625, R. S., is insufficient.

APPEAL from the Circuit Court for Marathon County.

Action to recover commissions alleged to be due upon a sale of defendant's real estate effected by the plaintiff. At a term of the court at which the cause had been noticed for trial the defendant applied for a change of venue, on account of the alleged prejudice of the judge, but the same was denied. The case being reached for trial was submitted to the jury upon the plaintiff's evidence alone. From the judgment entered upon the verdict returned in favor of the plaintiff the defendant appeals.

*C. F. Eldred*, for the appellant, contended that the venue was to be changed upon mere *imputation* of prejudice, and the affidavit was therefore sufficient. *Van Slyke v. T. C. F. M. F. Ins. Co.* 39 Wis. 390; *Carpenter v. Shepardson*, 43 id. 406; *Bachmann v. Milwaukee*, 47 id. 435; *Seehawer v. Milwaukee*, 39 id. 409.

For the respondent there was a brief by *Silverthorn, Hurley & Ryan*, and oral argument by *C. V. Bardeen*.

CASSODAY, J. The only error assigned is the refusal to change the venue. The right to such peremptory change of the place of trial can only be acquired by the applicant filing an affidavit to the effect " that he has *good reason to believe, and does believe*, that he cannot have a fair trial of such action on account of the prejudice of the judge, nam-

ing him." Sec. 2625, R. S. Here the affidavit merely states that the applicant "*has reason to fear, and does fear*, that he cannot have a fair and impartial trial, . . . on account of the prejudice of" the judge, naming him. We are not aware of any decision of this court holding the two expressions to be equivalent. To our minds they are substantially unlike. To hold them to be equivalent by refining upon the words of each would be to establish a rule which would call for another departure whenever some new form of expression should be presented. The statutory requirement is jurisdictional. In such a case, the substitution of equivalents to be ascertained by such finical reasoning would be dangerous.

*By the Court.*— The judgment of the circuit court is affirmed.