Manning vs. The State.

MANNING, Plaintiff in error, vs. THE STATE, Defendant in error.

*February 9 — February 24, 1891.*

*Criminal law: Manslaughter: Instructions and evidence.*

1. On writ of error to reverse a conviction of manslaughter in the third degree, *held* that, in the absence of any request to instruct the jury as to manslaughter in the fourth degree, the failure of the court to do so, after defining manslaughter in the second and third degrees, and instructing them that the defendant was guilty in one of those two degrees, if guilty at all, was not error,
2. It is within the discretion of the trial court to overrule a motion for a new trial without hearing argument, where it does not refuse to hear it, especially where the proof of defendant's guilt is overwhelming.
3. Where, upon a trial for manslaughter, the defendant does not claim to have acted in self-defense, but absolutely denies the killing, evidence of the reputation of the deceased for lawlessness, violence, and recklessness, would be impertinent, and may properly be excluded.
4. Testimony by the defendant as to the several places he visited after the homicide, offered for the purpose of rebutting any presumption that he fled from justice or kept out of the way, *held* properly excluded as being irrelevant, incompetent, and unnecessary, since he could have testified directly as to whether he fled or kept out of the way.

ERROR to the Municipal Court of *Ashland* County.

*Patrick Manning* was informed against for the killing of one M. Murray. He was tried for manslaughter, and on the trial the undisputed evidence showed that defendant and deceased, with a number of others, were in a saloon on the night of May 26, 1887, shortly before the time the crime was alleged to have been committed. Defendant and deceased had a quarrel, and went out to fight. A witness standing by the door saw defendant pick up a half brick that was used by the proprietors of the saloon to keep the door open. This witness said he heard something strike pretty heavy, like some one being hit. He went out immediately, and saw deceased lying on the sidewalk. Deceased died a few days thereafter. Defendant testified, in his own behalf, that he followed deceased out of the saloon for sixty or seventy feet, and then stopped. Deceased then began to swear at defendant, "and I stopped there, and he came back to the saloon, and there was brick and stone falling all around me, and I thought I was in danger of my life, and I run back." Defendant was convicted of manslaughter in the third degree, and now brings error.

*Rublee A. Cole*, for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General* and *J. M. Clancey*, Assistant Attorney General, and the cause was argued orally by *Mr. Clancey* and *R. M. Bashford.*

ORTON, J. On an information for manslaughter for the killing of one M. Murray, the plaintiff in error was tried in the municipal court of Ashland county, and found guilty of manslaughter in the third degree, and sentenced to imprisonment in the state prison for three years. The errors assigned on behalf of the plaintiff in error are numerous, but we shall consider only such as are urged in the brief of his learned counsel. All the jurisdictional questions, which

Manning vs. The State.

are again raised and pressed on writ of error, were disposed of by this court on the writ of *habeas corpus* in this case, and the case of *In re Burke,* following each other in 76 Wis., from page 357. This court is asked to again consider these questions, but we see no occasion for doing so. They were very ably and fully argued by the learned counsel, carefully considered, and disposed of by the elaborate opinions of Mr. Justice LYON in the above cases.

1. Error is assigned upon the failure of the court to read or explain manslaughter in the fourth degree. The learned counsel should have specially requested the court to do so, if he deemed it important to the defendant. The court defined manslaughter in the second and third degrees, and stated substantially that the defendant was guilty of one or the other, if guilty at all. From the evidence we think the court was correct. At all events, the charge was not prejudicial to the defendant. *Dickerson v. State,* 48 Wis. 288. The court was very liberal towards the defendant in telling the jury that they could find him guilty of manslaughter in any degree, or of assault and battery.

2. It is assigned as error that the court disposed of the motion for a new trial in a summary manner, without hearing the argument of counsel. It is not claimed that the court refused to hear counsel, but only that the motion was overruled without argument. This was clearly within the discretion of the court. The learned counsel admits, with great candor, that "this court might not consider it an error which would demand a reversal of the conviction, that the trial judge refused to hear a motion for a new trial, where the guilt of the accused is established by evidence which is overwhelming." It may be that the court so regarded the evidence in this case. The overruling of the motion in such a summary manner would seem to indicate that it was the opinion of the court that the guilt of the defendant was clearly established by the testimony.

3. The court sustained the objection of the district attorney to the question put to the witness Seeley as to the reputation of the deceased, and his character for lawlessness, violence, and recklessness at Chippewa Falls about eight years ago. This was not a case of self-defense, but a denial of the killing, and therefore this evidence was impertinent. *People v. Lamb*, 2 Keyes, 364; *Pfomer v. People*, 4 Park. Crim. R. 558. The reputation of the deceased for violence and lawlessness, known to the defendant, might go to the question of justification, but not to the question of whether the defendant was guilty of the killing.

4. The defendant was asked by his counsel as to the several places he visited after the crime was committed, and it was objected to as irrelevant and immaterial, and the objection was sustained. It is claimed by the learned counsel of the plaintiff in error that this evidence was proper to rebut the presumption that the defendant had fled or kept out of the way. This testimony was unnecessary when the defendant was a witness, for he could state directly whether he had fled, or tried to keep out of the way. His having been in all the places of which the defendant was asked would not go far to rebut such a presumption.

5. The court denied the defendant's motion to be discharged after the state had rested its case. This involves the merits. It would be fruitless to specially consider the testimony. There appears to have been testimony sufficient to warrant the verdict. It was clearly proved that the defendant picked up the brick, and that the same brick struck the head of the deceased, and that the blow was sufficient to produce, and did produce, death. The brick was sufficiently identified. These are all the errors assigned in the brief of the defendant's counsel. Those which rest and were presented only in the oral argument of the learned counsel of the plaintiff in error we cannot be supposed to remember. We are unable to find that any error was com-

mitted on the trial. We think the defendant was justly and lawfully convicted of the offense.

*By the Court.*— The judgment of the municipal court is affirmed.