WINN, Plaintiff in error, vs. THE STATE, Defendant in error.

*May 27—June 15, 1892.*

CRIMINAL LAW AND PRACTICE. (*1*) *Former acquittal, when a bar: Identity of offenses.* (*2–4*) *Instructions to jury: Immaterial errors.* (*5, 6*) *Change of venue: Prejudice: Death of judge.* ·

1. The offenses charged in two indictments are not identical unless they concur both in law and in fact. No matter how closely they are connected in fact, if they are distinct in law a conviction or acquittal on one indictment is not a bar to a prosecution on the other. Thus, where one person made a felonious assault upon another by pointing a loaded revolver at him and pulling the trigger, and in the subsequent struggle to disarm the assailant the revolver was discharged, killing a third person, an acquittal of the murder of such third person is not a bar to a prosecution for the felonious assault.

2. An instruction that if the defendant, knowing his revolver to be loaded, pointed it at a person and pulled the trigger with intent to shoot him, the intent to kill is proven even though the revolver missed fire, is *held* not erroneous where it is obvious from the context (in which the question of intent is fully and accurately submitted to the jury) that the word "shoot" was used as synonymous with "kill."

3. An instruction that the jury could not in this case return a verdict of not guilty of the intent and guilty of the assault, but that their verdict must be either guilty or not guilty, is *held*, if erroneous, not to have been prejudicial to the defendant.

4. A failure to explain to the jury what constitutes an assault or what is meant by the term "malice aforethought," or to define a reasonable doubt, is *held* not error, where no special instructions were asked upon those subjects.

5. Upon an application for a change of venue on the ground of prejudice of the judge, an order was made changing the venue to a county to which the court had no jurisdiction to send it. Before the record had been transmitted the error was discovered, and said order was thereupon vacated. Before any further order was made the judge died, and thereafter, no further affidavit of prejudice or application for a change having been made, the cause was tried before his successor. *Held*, not error.

6. The failure of an affidavit of prejudice to state that the affiant has *good* reason to believe that the judge is prejudiced, is probably a fatal defect.

ERROR to the Circuit Court for *Langlade* County.

Growing out of a gambling and drinking debauch in a saloon at Antigo, in Langlade county, on October 23, 1889, a quarrel arose between the plaintiff in error, *Lowell A. Winn*, and one Defoy, one of the proprietors of the saloon, and it seems that Defoy assaulted *Winn*. The latter thereupon left the saloon, and went to his home, obtained a loaded revolver, and returned with the avowed intention of killing Defoy. They met on the sidewalk in front of the saloon. There were also present one McNeil, the partner of Defoy, and Thomas Coates. *Winn* pointed the revolver at Defoy and pulled the trigger, but the revolver failed to discharge. Thereupon the others seized *Winn* and attempted to disarm him. During the struggle the revolver was discharged, and the bullet therefrom entered the body of Coates, who died of the wound a few days later. The revolver was either accidentally discharged, or it was intentionally fired by *Winn* at Defoy. An information against *Winn* was filed in the circuit court charging that by reason

of such shooting he, with malice aforethought, feloniously did kill and murder Coates. *Winn* was tried on such information and acquitted. Thereupon another information against *Winn* was filed, based upon the transactions above stated, charging that he then and there feloniously assaulted Defoy with intent to kill and murder him. To such information *Winn* interposed a special plea, alleging his trial and acquittal on the information preferred against him for the murder of Coates in bar of the charge for the felonious assault on Defoy. The circuit court overruled such plea; that is, it sustained a general demurrer thereto. *Winn* thereupon pleaded not guilty to the charge contained in the last information. He was tried for such offense, convicted thereof, and sentenced to imprisonment in the state prison for a term of years. He has sued out a writ of error from this court to obtain a review and reversal of such judgment. The proceedings, testimony, and rulings on the trial are sufficiently stated in the opinion, in connection with the statement and consideration of the various errors assigned as grounds for a reversal of the judgment.

For the plaintiff in error there was a brief by *John E. Martin* and *Benj. M. Goldberg*, attorneys, and *Olin & Butler*, of counsel, and the cause was argued orally by *Mr. Goldberg* and *Mr. J. M. Olin.* To the point that it was error to overrule the plea of former acquittal, they cited Const. art. I, sec. 8; R. S. sec. 4610; Bishop, Cr. Law, secs. 1060, 1061; *Clem v. State,* 42 Ind. 420, 13 Am. Rep. 369; *State v. Pujo,* 41 La. Ann. 346; *Triplett v. Comm.* 84 Ky. 193; *Fox v. State,* 50 Ark. 528; *Roberts v. State,* 14 Ga. 8, 15 Am. Dec. 528; *Holt v. State,* 38 Ga. 187; *Comm. v. Bright,* 78 Ky. 238; *State v. Damon,* 2 Tyler (Vt.), 387; *State v. Smith,* 43 Vt. 324; *Hamilton v. State,* 36 Ind. 280, 10 Am. Rep. 22, 28; *Fritz v. State,* 40 Ind. 18; *Wininger v. State,* 13 id. 540; *State v. Cooper,* 13 N. J. Law, 361, 25 Am. Dec. 490; *Wilcox v. State,* 6 Lea (Tenn.), 571; *State v. Rollins,* 12

Winn vs. The State.

Rich. Law (S. C.), 297; *Comm. v. Hawkins*, 11 Bush (Ky.), 603; *Ben v. State*, 22 Ala. 9; *State v. Johnson*, 12 id. 840; *Regina v. Gould*, 9 Car. & P. 364; *Fiddler v. State*, 7 Humph. 508; Wharton, Cr. Law, 391; Hale, P. C. 531; *Fisher v. Comm.* 1 Bush, 211; *Quitzow v. State*, 1 Tex. App. 47; *Oleson v. State*, 20 Wis. 58.

For the defendant in error there was a brief by *Michael Kirwan*, and oral argument by *J. M. Clancey*, Assistant Attorney General. As to the plea of former acquittal, they cited Abbott, Cr. T. B. sec. 106, and cases cited; Wharton, Cr. Pl. & Pr. sec. 468; 1 Bishop, Cr. Law, secs. 1057, 1059; 11 Am. & Eng. Ency. of Law, 937; 1 Wharton, Cr. Law, secs. 565, 566; *People v. Majors*, 65 Cal. 138, 52 Am. Rep. 295; *Comm. v. Roby*, 12 Pick. 496; *State v. Elder*, 65 Ind. 282; *United States v. Barnhart*, 6 Cr. Law Mag. 201; *Comm. v. Bakeman*, 105 Mass. 53, 59, 60; *Morey v. Comm.* 108 id. 433, 434; *State v. Standifer*, 5 Porter (Ala.), 523; *Campbell v. People*, 109 Ill. 565; *Gordon v. State*, 71 Ala. 315; *Comm. v. Tenney*, 97 Mass. 50; *Burnes v. People*, 1 Parker, Cr. Rep. 182; *Dinkey v. Comm.* 17 Pa. St. 126; *Johnson v. State*, 19 Tex. App. 453; *State v. Horneman*, 16 Kan. 452; *Womack v. State*, 7 Coldw. (Tenn.), 508; *Johnson v. State*, 65 Ga. 94; *Comm. v. Cutler*, 9 Allen, 486; *People v. Parrow*, 80 Mich. 567; *State v. Larkin*, 49 N. H. 36; *State v. Buzzell*, 58 id. 257; *Comm. v. Andrews*, 2 Mass. 409; *Williams v. State*, 13 Tex. App. 285.

Lyon, C. J. 1. The special plea in bar of this prosecution sufficiently avers that the charge of the murder of Coates in the first information, and the charge of an assault with intent to murder Defoy in the present information, are predicated upon one and the same act of *Winn*. It is correctly argued in the plea, as it was at the bar, that if he committed the alleged felonious assault upon Defoy, and in doing so killed Coates, although unintentionally, he is

guilty of murder. But the jury acquitted him of the crime of murder, and from that fact the inference is plausibly drawn that the jury must necessarily have negatived the alleged felonious assault upon Defoy, for otherwise they would have convicted *Winn* of the murder charged. It was very earnestly and ingeniously contended in argument by the learned counsel for *Winn* that in substance and legal effect such acquittal is an acquittal of the charge of felonious assault in the present information, and that by compelling the accused to trial therefor he was put twice in jeopardy of punishment for the same offense, in violation of the constitutional and statutory declaration of rights in that behalf. Const. art. I, sec. 8; R. S. sec. 4610.

The arguments for and against the sufficiency of this special plea are very full and able, and numerous adjudications are cited on either side in support of the respective propositions of counsel. To review the cases would call for a treatise on this branch of the law. We do not feel called upon to undertake the task of writing one. We adopt as the law on this subject the rule laid down by Chief Justice SHAW in *Comm. v. Roby,* 12 Pick. 496. The rule is that the offenses charged in two indictments are not identical unless they concur both in *law* and in *fact,* and that the plea of *autrefois acquit* or *convict* is bad if the offenses charged in the two indictments be distinct in law, no matter how closely they are connected in fact. In order to determine whether there is a concurrence in law, that is, whether a conviction or acquittal on one indictment is a good bar to a prosecution on another, the true inquiry is whether the first indictment was such that the accused might have been convicted under it by proof of the facts alleged in the other indictment. If he could not, the conviction or acquittal under the first indictment is no bar. The result of an application of this test to the present inquiry is obvious. *Winn* could not have been convicted of

the murder of Coates merely upon proof that he made a felonious assault upon Defoy. Proof that he killed Coates would also be required. Hence an acquittal on the information charging the murder of Coates is no bar to this information for a felonious assault on Defoy, and the special plea was properly overruled. To the same effect is the English case of *Queen v. Morris*, L. R. 1 Cr. Cas. 90, in which the accused was convicted of an assault and battery, and suffered punishment therefor, and afterwards the injured party died of the wounds inflicted upon him by the accused. A subsequent indictment for manslaughter was upheld on the ground that the two prosecutions, though founded on the same assault, were for different offenses. The same question has frequently arisen in prosecutions for violations of excise laws, and the rule above stated seems to have been invariably applied by the courts. Black, Intox. Liq. 648, ch. 21, § 555, and cases cited in notes.

The reasonableness and justice of the above rule is shown and emphasized by the testimony on the trial of this case. It appears quite satisfactorily, if not conclusively, therefrom that *Winn* made a distinct felonious assault upon Defoy when he pointed his loaded revolver at him and snapped it, which had no connection with the killing of Coates, and that such killing resulted from the struggle to disarm *Winn*, and was purely accidental. Very likely *Winn* was acquitted of the murder of Coates on similar proofs, and the jury may not have considered,— probably did not consider,— whether *Winn* intended to kill Defoy or not when the revolver missed fire. Had issue been taken upon the special plea, and tried on the testimony in this record, we should expect the jury to find that the first assault, to wit, the attempt by *Winn* to shoot Defoy, had nothing to do with the acquittal of *Winn* of the murder of Coates, and that the question whether such attempt was or

was not a felonious assault upon Defoy was not involved in such acquittal. This shows that *Winn* may be guilty of the felonious assault on Defoy and yet not guilty of the murder of Coates. A rule which would absolve *Winn* from conviction and punishment for the assault upon Defoy, of which he was guilty, merely because he was acquitted of the murder of Coates, of which he was not guilty, would be a most vicious one, and would shock all sensible and just ideas of the proper administration of criminal justice. ' We do not hesitate to reject such a rule. The demurrer to the special plea was properly sustained.

2. The prosecution being pending in the circuit court of Langlade county, *Winn* filed an affidavit of the prejudice of the judge of that court (Judge MYERS), and thereupon the court made an order changing the place of trial to the circuit court of Sheboygan county. Soon thereafter it was discovered that ch. 166, Laws of 1889, so amended sec. 2626, R. S., as to require the cause to be sent to some county in an adjoining circuit. Langlade county was in the tenth, and Sheboygan county in the fourth, circuit, and these circuits did not and do not adjoin. Thereupon, on motion of the district attorney (the record still remaining in Langlade county), the court vacated the order changing the place of trial to Sheboygan county. It was then discovered that the affidavit of prejudice failed to state that the affiant had *good* reason to believe that the judge was prejudiced, but only that he had reason so to believe. No further order was made changing the place of trial. Before the trial Judge MYERS died, and the cause was tried in the circuit court of Langlade county before Judge GOODLAND, his successor. No affidavit of his prejudice was made, and there was no further application that the cause be sent to another county. It is now claimed that because of the foregoing proceedings the circuit court of Langlade county had no jurisdiction to try the accused. We think other-

wise. That court had no jurisdiction to change the place of trial to Sheboygan county, and had the record been sent there Judge GILSON would have ordered its return. Probably the affidavit of prejudice is fatally defective. *Carpenter v. Shepardson,* 43 Wis. 406; *Smith v. Clarke,* 70 Wis. 137. But, whether it is or not, the death of Judge MYERS before any valid order was made changing the place of trial renders the affidavit of his prejudice inoperative, and after his death the case could not properly have been sent to another county on account of his alleged prejudice when living. It would be a singular rule of practice which would require the case to be sent to another circuit after the judge, whose alleged prejudice is the sole ground for the change, is dead. We conclude that the circuit court of Langlade county did not lose jurisdiction of the case, and that *Winn* was properly tried in that court.

3. In his charge to the jury the learned circuit judge said: "If you find that the defendant, knowing the revolver to be loaded, pointed it at Defoy and pulled the trigger thereof with intent to shoot Defoy, the intent to kill is proven, even though you should also find that the revolver missed fire or failed to go off." Error is assigned upon this sentence of the charge. The criticism upon it is that it assumes the intent to kill as a legal proposition if *Winn* attempted to shoot Defoy, whereas his intent may have been only to wound or maim Defoy, and not to kill him. It is perfectly obvious that the judge only intended to say to the jury that the fact that the revolver missed fire did not affect the intent of *Winn* in attempting to fire it, and that he employed the word "shoot" as synonymous with "kill," the word being frequently, perhaps usually, employed in that sense. This is very clear from the immediate context, in which the court fully and accurately submitted the question of intent to the jury. We think it quite impossible that the jury could have been misled by the possible want

of accuracy in the use of the term "shoot" in the instruction.

4. Error is also assigned upon the following passage in the charge: "Ordinarily, when an offense is charged, when the charge is assault with intent to commit the felony, the jury is at liberty, if they so think or if the evidence warrants them to do it; to return a verdict of not guilty of the intent and guilty of the assault. I say this is ordinarily the case, but I do not think it is the case here. I therefore charge you that your verdict in this case must be either guilty or not guilty; that under the evidence in this case you are not at liberty to return any other verdict except as I have said, guilty or not guilty." It is the settled law of this court, whatever the decisions may be elsewhere, that, assuming the above instruction to be inaccurate, and that the jury should have been instructed that if they should negative the felonious intent charged they might still convict *Winn* of an assault, such inaccuracy is not reversible error. It was so held in *Dickerson v. State*, 48 Wis. 288, and in *Manning v. State*, 79 Wis. 178. If a person accused of crime is not proved guilty of the whole crime charged, but only of a lesser offense which is included in the main charge, it may be error to instruct the jury that they must convict of the main charge or acquit entirely. But the error is favorable to the accused, for it saves him from the liability to be convicted of the less offense, of which, perhaps, he ought to be convicted. The argument against the rule is based on the assumption that the jury are determined to convict the accused of some crime, and if not allowed to convict him of the crime of which he is proved to be guilty, they will convict him of a greater crime without proof. Such an assumption is a grievous injustice to jurors, and a severe arraignment of the institution of trial by jury. We believe the rule above stated to be a sound one, and must therefore decline to change it. There is no conflict in the decisions of this court on that subject.

5. Exception was taken because the court failed to explain to the jury what constituted an assault, or what is meant by the term "malice aforethought," or to define a reasonable doubt. Inasmuch as no instructions were asked on those subjects, such alleged failures are not error. Counsel indulged in some criticisms on the language of certain instructions, but we find nothing therein erroneous or misleading.

*By the Court.*— The judgment of the circuit court is affirmed.

