STATE v. GEORGE KLUGHERZ.[1]

January 29, 1904.

Nos. 13,808—(222).

**Former Acquittal.**

> A plea of former acquittal is sufficient whenever it shows on its face that the second indictment is based upon the same single criminal act which was the basis of the indictment upon which the defendant was acquitted.

**Forgery.**

> The making of a forged written instrument and the uttering of it by the same person, at the same time, as one transaction, constitute but one offense.

Defendant, being arraigned in the district court for Blue Earth county upon an indictment charging him with the crime of forgery in the first degree, entered a special plea of former acquittal. An order, Lorin Cray, J., overruling a demurrer to the special plea having been entered, the case was by consent certified to the supreme court for review. Affirmed.

*S. B. Wilson* and *W. E. Young*, for the State.
*Pfau & Pfau*, for defendant.

START, C. J.

On November 21, 1903, in the district court of the county of Blue Earth, the defendant was put on trial, and acquitted, upon an indictment accusing him of the crime of forgery in the first degree, committed by uttering a certain forged real estate mortgage. He was thereupon arraigned upon the indictment in this case accusing him of the crime of forgery in the first degree, committed by forging the same real estate mortgage which he was charged with uttering by the first indictment. To the second indictment he entered, besides the plea of not guilty, a special plea of former acquittal, which alleged facts from which the conclusion necessarily follows that the mortgage was forged and uttered at the same time, by the same person, and as one transac-

[1]Reported in 98 N. W. 99.

tion. The plea alleged in effect, with other facts, that a person claiming to be Frank L. Hiniker, and the owner of certain land, applied to the Mankato Savings Bank for a loan of $1,000, to be secured by a mortgage on the land; that the bank agreed to make the loan, prepared the mortgage ready for signing, which such person executed, and the bank then and there accepted it, and paid him the money pursuant to such agreement; that the making of the mortgage and the uttering of it were each done by the same person, at the same time, for the sole purpose of securing such loan; and, further, that it was the mortgage so made and uttered which the defendant was charged with uttering by the first indictment, and with forging by the second one.

The state demurred to the special plea on the ground that it did not state facts sufficient to constitute a defense to the indictment. The trial court overruled the demurrer, and, at the request of the state, the defendant consenting, certified the case to this court.

A plea of former acquittal is sufficient whenever it shows on its face that the second indictment is based upon the same single criminal act which was the basis of the indictment upon which the defendant was acquitted. State v. Colgate, 31 Kan. 511, 3 Pac. 346; Roberts v. State, 14 Ga. 8; Holt v. State, 38 'Ga. 187. We have then the question: Does the plea in this case show that the forging of the mortgage and the uttering of it were parts of the same single transaction? Our Penal Code relating to forgery (G. S. 1894, §§ 6690, 6702) provides in effect that a person is guilty of forgery who, with intent to defraud, forges an instrument in writing purporting to be the act of another; and, further, that a person who, with such intent, utters a forged instrument, is guilty of forgery in the same degree as if he had forged it. The forging of an instrument and the uttering of it were, prior to the enactment of our Penal Code, separate offenses, and are still where each act is committed by a different person, or by the same person but at different times and as separate acts. State v. Wood, 13 Minn. 112 (121); State v. Goodrich, 67 Minn. 176, 69 N. W. 815. The case, however, here to be decided, is whether the forging and the uttering of an instrument by the same person, at the same time, and as one transaction, constitute one crime or two. If two, then the person executing a single transaction whereby an instrument is both forged and negotiated commits the crime of forgery twice.

Our Penal Code as to forgery is substantially the same as that of the state of New York.   In the case of People v. Adler, 140 N. Y. 331, 35 N. E. 644, an indictment on one count charged the defendant with forging a written instrument, and on another count with uttering it on the same date and at the same place.   It was held that the indictment charged only one offense—the crime of forgery.   In People v. Altman, 147 N. Y. 473, 42 N. E. 180, the indictment, containing but a single count, alleged that the defendant forged an indorsement on a bank check, with intent to defraud a person named, and offered the same to such person in payment for goods purchased.   It was held that the indictment charged only one offense.   The cases of In re Walsh, 37 Neb. 454, 55 N. W. 1075, and Territory v. Poulier, 8 Mont. 146, 19 Pac. 594, are to the same effect.   See also People v. Frank, 28 Cal. 507; People v. Harrold, 84 Cal. 567, 24 Pac. 106; and State v. Meade, 56 Kan. 690, 44 Pac. 619.

This court held in the case of State v. Moore, 86 Minn. 422, 90 N. W. 787, that the uttering as true of a forged mortgage and a forged note, which the mortgage purported to secure, at one time and to the same party, was a single act, and constituted only one offense.   We cannot distinguish this case in principle from the one here under consideration, for, as the learned trial judge said, "If there can be a case where the forging and uttering is one indivisible transaction, this is one."

We therefore hold, upon principle and authority, that the making of a forged written instrument, and the uttering of it by the same person, at the same time, as one transaction, constitute but one offense.   It follows that the special plea stated a defense to the indictment, and that the demurrer thereto was rightly overruled.

Order affirmed.