## Commonwealth v. Anderson.

(Decided March 24, 1916.)

### Appeal from Fayette Circuit Court.

1. Criminal Law—Plea of Former Jeopardy.—To constitute a plea of former jeopardy, the facts in the subsequent cases in which the plea is interposed must be the same as those in the case tried

so as to constitute the punishable acts of the defendant one and the same in each case, and unless they are such as to constitute each charge one and the same offense, the plea will not be available.

2.  Criminal Law—Plea of Former Jeopardy.—Where, in the same affray, the defendant shot and killed two persons with separate shots, the killing of one of them is not included in the killing of the other, the offenses not being identical, and the plea of former jeopardy will not be allowed upon a second trial on one of the indictments after a previous trial upon the other.

M. M. LOGAN, Attorney General, and JAMES GARNETT for appellant.

KIMBALL & HUNTER and MAURY KEMPER for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

On the 9th day of May, 1914, the appellee, Lee Anderson, became involved in an affray with Robert and Elsie Chenault, they being brothers. The trouble grew out of an effort of appellee to collect from the Chenault brothers a small debt of $4.00, which he claimed they owed and had been owing him for some time. In the fight between the parties five shots were fired, the proof tending to show that two of them were fired by the Chenault brothers at appellee and the other three being fired by him at them. With one of his shots he killed Elsie Chenault and the other two hit Robert Chenault, resulting in his death. On the 20th day of May following this tragedy the grand jury of Fayette county returned into court separate indictments against appellee, one charging him with the murder of Robert Chenault, and the other charging him with the murder of Elsie Chenault. At the following October term he was placed upon trial upon the indictment accusing him of murdering Robert Chenault, which resulted in the jury, on October 9, 1914, returning a verdict finding him not guilty.

Upon the trial of that case among other instructions the court gave one entitling appellee to an acquittal if he shot in the exercise of his right of self-defense, which instruction, so far as the purposes of this case are concerned, is as follows:

"Although the jury may believe from the evidence beyond a reasonable doubt that the defendant, Lee Anderson, shot and killed Robert Chenault, still, if they further believe from the evidence that at the time he did

the shooting and killing as aforesaid, he, the said Lee Anderson, had reasonable grounds to believe and did believe that the said Robert Chenault, or Elsie Chenault acting in concert with him, was then and there about to inflict upon the defendant death or great bodily harm, then the defendant had the right to use such means as were necessary or reasonably appeared to him to be necessary to avert the impending danger, real or apparent,'' etc.

On the 20th day of January, 1915, the appellee filed as a defense to the indictment charging him with the murder of Elsie Chenault, a written plea alleging that he was not guilty and relying upon the facts (more elaborately stated, however) hereinbefore stated as a bar to the right of the Commonwealth to prosecute him under such indictment, it being claimed by him that his acquittal by the jury in the trial of the charge of murdering Robert Chenault constituted a bar to the right of the Commonwealth to prosecute him under the charge of murdering Elsie Chenault.

The Commonwealth filed a demurrer to this written plea, which was overruled, the Commonwealth excepting and praying an appeal from the judgment overruling the demurrer. No further orders were made with reference to the indictment and it is evident that the judgment overruling the demurrer is not final, but the appeal may be taken by the Commonwealth under the provisions of section 335 of the Criminal Code of Practice, it being as follows:

"An appeal shall only be taken on a final judgment, except on behalf of the Commonwealth,''·etc.

An appeal by the Commonwealth under similar circumstances as we have here has many times been approved by this court. Commonwealth v. Cain, 14 Bush 525; Commonwealth v. Bruce, 79 Ky. 560; Commonwealth v. Huber, 126 Ky. 456; Commonwealth v. Brand, 166 Ky. 753.

The plea relied upon by appellee necessarily rests upon the idea of identity of the two killings, that each occurred during the same affray and as a result of it. It is an ancient right which has been incorporated into all American constitutions so far as we have been able to observe, that "no person shall, for the same offense, be twice put in jeopardy of his life or limb.'' (Constitution of Kentucky, section 13.) In order, however, to

entitle one to the benefit of, and to successfully invoke, the protection of this constitutional right, the facts in the case wherein the plea is interposed must be the same as in the charge wherein the defendant was placed in jeopardy. If no identity of offense exist the plea will not be allowed.

Most generally the question involved here has been presented to the courts for their determination where the prosecuting power had endeavored to carve out of a single transaction separate offenses, and in such cases it has most universally been held that the plea under consideration would prevent the prosecutor from doing this, but we have been unable to find any case holding that where by two separate and distinct acts of the defendant, two separate and distinct offenses were committed, they could in any sense be called "the same offenses" as is required to successfully invoke the constitutional provision. The fact that these two distinct offenses were committed in close proximity as to time and while engaged in one affray, cannot be allowed to unify the two offenses when as a matter of fact they are not so. The time intervening between the commission of the two offenses can have no effect on the case whatever.

And so, in 12 Cyc. 289, we find it stated:

"But where one assaults or kills two persons by separate shots or strokes, although in the same riot or affray, an acquittal or conviction of one assault or homicide is no bar to an indictment for the other, as they are distinct acts."

In support of the text the following cases are cited: State v. Standifer, 5 Port. (Ala.) 523; Ashton v. State, 31 Tex. Cr. 482, 21 S. W. 48; Winn v. State, 82 Wis. 571, 52 N. W. 775; State v. Nash, 86 N. C. 650, 31 Am. Rep. 472; Kelley v. State, 43 Tex. Cr. 40, 62 S. W. 915; Augustine v. State, 41 Tex. Cr. 59, 52 S. W. 77; Vaughan v. Com., 2 Va. Cas. 273; State v. Robinson, 12 Wash. 491, 41 Pac. 884; Teat v. State, 53 Miss. 439, 24 Am. Rep. 708. See also State v. Vines, 34 La. Ann. 1079.

This court had under consideration the question now being considered, though applied to a different offense in the case of Keeton v. Commonwealth, 92 Ky. 522. In that case the defendant robbed James Salyers and James Han at one and the same time by pointing at them his pistol and taking by force from each of them prop-

erty. He was subsequently indicted under two separate indictments for robbing each of them. He was convicted under one of the indictments and at the trial of the other one interposed the plea of former conviction as a defense. This plea was disallowed by the trial court and its ruling was affirmed by this court in the following language:

"The appellant further insists that the act of robbery, if committed, was but one offense, and the pistol having been pointed at both Salyers and Han at the same time, and the property of each surrendered at the same time, the verdict and judgment in the one case was properly pleaded in bar to the other. We cannot concur with counsel in this view of the law. If the party is guilty it is robbery from the person of each of the owners of this property, as much as if the accused had gone to the one and taken from him his property and then to the other, and the fact that the pistol was drawn on each at the same time and the property delivered at once does not make the offense a unit. It was an assault on each and a robbery from the person for which an indictment in both cases can be maintained."

A still later case from this court involving the same question under facts much more strongly in support of appellee's contention, is that of Commonwealth v. Browning, 146 Ky. 770. In that case the defendant Browning, with one shot of his pistol, wounded Marion Stewart and Robert Caywood. He was indicted separately for maliciously shooting and wounding both Stewart and Caywood. Defendant was first tried on the indictment charging him with shooting Stewart and was fined $250.00 and thirty days' confinement in the county jail. At a subsequent term of the court he pleaded in bar of the other indictment his conviction by the jury of wounding Stewart. This plea was upheld by the circuit court, and complaining of that ruling the Commonwealth prosecuted an appeal and the judgment was reversed, holding that the two offenses were not included the one within the other. In the course of the opinion this court said:

"Manifestly, appellee, if first tried for the shooting and wounding of Caywood, could not be convicted on proof that he shot Stewart, though both Caywood and Stewart were wounded by one and the same shot. As well might it be argued that in the killing of several of the same family by putting poison in the food eaten by

them, conviction of the poisoner for the death of one of them would bar a prosecution for the killing of the others.

"If one should throw a bomb in a crowd and kill several persons, it could not be maintained that his conviction for the death of one of them would bar a prosecution against him for the killing of any of the others. It seems to us that the mere statement of appellee's contention constitutes its refutation.

"The offenses committed by appellee were not included within one another, though resulting from the same act, but were separate and distinct offenses, therefore, it was not protected by section 13, Bill of Rights, against a prosecution for either by a conviction or acquittal for one of them."

If in such a case the two offenses are not included in each other when both of them are produced by a single act of the defendant, which in that case was one shot of his pistol, it is difficult to see how offenses committed by separate shots could in any sense be said to be identical so as to make a conviction or an acquittal for one of them a bar to the other.

The fact that the court in its self-defense instruction on the trial of the indictment for murdering Robert Chenault submitted to the jury as to whether Elsie Chenault was "acting in concert" with Robert Chenault in an assault upon appellee, cannot help the plea because at the moment when the fatal shot was fired at Robert Chenault this acting in concert by Elsie Chenault may have been a fact and yet he may have been making no assault whatever on appellee when the shot was fired resulting in his death. Under no authority or theory are we enabled to give our sanction to the ruling of the trial court.

It therefore results that the judgment must be and is reversed, with directions to proceed in accordance with this opinion.