MATTER OF JENSEN

In EXCLUSION Proceedings

A-14102045

*Decided by Board October 30, 1964*

Notwithstanding forgery and uttering are defined as separate offenses in section 309(1) and 311, respectively, Canadian Criminal Code, a conviction in Canada of forgery and uttering constitutes, under standards prevailing in the United States, the commission of a single crime involving moral turpitude within the meaning of section 212(a)(9), Immigration and Nationality Act.

EXCLUDABLE: Act of 1952—Section 212(a)(9) [8 U.S.C. 1182(a)(9)]—Convicted of crime involving moral turpitude: forgery, section 310(1); and uttering, section 311(a), Canadian Criminal Code.

The applicant, a native and citizen of Canada, applied for admission to the United States at the port of Piegan, Montana on August 11, 1964. He presented a nonquota immigration visa issued by the United States Consul at Calgary, Alberta, Canada on the same day. He was held for a hearing before a special inquiry officer because of a conviction in Canada on December 6, 1957 for wilfully and knowingly forging and uttering a check in the amount of $20.00. The special inquiry officer concludes that the applicant's conviction for forgery and uttering constitutes the commission of a single crime involving moral turpitude within the meaning of the exception to section 212 (a)(9) of the Immigration and Nationality Act, notwithstanding the fact that forgery and uttering are defined as separate offenses in the Canadian Criminal Code.[1] The case has been certified to this Board for final decision.

---

[1] Section 309(1), Canadian Criminal Code, defines the crime of forgery as follows:

"Every one commits forgery who makes a false document, knowing it to be false, with intent (a) that it should in any way be used or acted upon as genuine, to the prejudice of any one whether within Canada or not, or (b) that some person should be induced, by the belief that it is genuine to do or to refrain from doing anything, whether within Canada or not".

Section 311 of the Canadian Criminal Code defines the crime of uttering a forged document as follows:

Footnote continued on following page.

The applicant was born December 14, 1940 at Cardston, Alberta, Canada. He was 16 years of age when he forged a check in the amount of $20 for the purchase of a high school sweater emblazoned with a school letter that he had won as a member of the basketball team. He testified that his father was unable to provide him with the funds he needed for this purchase. This is his only offense either in the United States or in Canada.

Section 212(a) (9) of the Immigration and Nationality Act provides in substance that an alien is ineligible to receive a visa and shall be excluded from the United States if he has been convicted of a crime involving moral turpitude. However an alien who has committed only one such crime while under the age of 18 years, may be granted a visa and admitted to the United States provided the crime was committed more than five years prior to the date of the application for a visa and more than five years prior to the date of application for admission to the United States.

The applicant applied for a visa at the Calgary Consulate on June 30, 1964. He applied for admission to the United States on August 11, 1964. He was approximately 16 years and 11 months of age when he committed the offense here under consideration. It is well established that the crimes of forgery and uttering involve moral turpitude.[2] The only issue presented by the case is whether under standards prevailing in the United States the applicant has committed "only one such crime" within the meaning of section 212(a) (9) of the Immigration and Nationality Act (8 U.S.C. 1182(a) (9)).

The Canadian Criminal Code defines the forging and uttering of a document as two separate offenses (supra, footnote 1). The Criminal Codes of some of our States have separate provisions for the crimes of forging and uttering a document.[3] Notwithstanding this fact it has been generally held in the United States that the making of a forged written instrument and the uttering of it by the same person, at the time, as one transaction, constitute but one offense.[4] It is also the general rule in the Federal Courts that where the several counts of

---

Footnote continued.

"Every one who, knowing that a document is forged, (a) uses, deals with, or acts upon it, and (b) causes or attempts to cause any person to use, deal with, or act upon it, as if the document were genuine, is guilty of an indictable offense and is liable to imprisonment for fourteen years".

[2] *Jordan* v. *De George*, 341 U.S. 223 (1951).

[3] See Chapter 620 of the Minnesota Statute Annotated; Oregon Revised Statutes, 1953, Chapters 165.105 and 165.115; Article 84, McKinley Consolidated Laws of New York.

[4] *State* v. *Klugherz*, 98 N.W. 99, Supreme Court of Minnesota, 1904; *People* v. *Adler*, 140 N.Y. 331, 35 N.E. 644; *Daugherty* v. *Gladen*, 341 P. 2d 1069, 1077 Supreme Court of Oregon, 1959.

an indictment charge both forgery and uttering and the forging and uttering are parts of a single transaction, the sentence based on a general verdict or plea of guilty must impose only one penalty . . . a separate sentence for each count is erroneous and void.[5]

It is not clear from the record before us as to whether the Canadian Court imposed a separate sentence for each offense committed by the applicant. The records of conviction merely show that he was given a "one year suspended sentence." Regardless of this fact we conclude that under standards prevailing in the United States [6] the applicant "committed only one such crime" within the meaning of the exception set forth in section 212(a)(9) of the Immigration and Nationality Act when he committed the offenses defined by sections 309(1) and 311 of the Canadian Criminal Code on November 5, 1957 at Cardston, Alberta, Canada. An appropriate order will be entered.

**ORDER:** The decision and order admitting the applicant to the United States for permanent residence, entered by the special inquiry officer on August 28, 1964 is hereby affirmed.

---

[5] *United States* v. *Carpenter*, 151 Fed. 214, 215 (C.A. 9, 1907) ; *Simon* v. *United States*, 37 Appeals D.C. 280, Supreme Court D.C., 1911.

[6] *Matter of T—*, 2 I. & N. Dec. 22, 42; *Giammariou* v. *Hurney*, 311 F. 2d 285, 1962.