CASE 95—INDICTMENT—January 28.

# Keeton v. Commonwealth.

## Same v. Same.

APPEALS FROM ROWAN CIRCUIT COURT.

1. ROBBERY—DRUNKENNESS AS A DEFENSE.—Where a felonious intent is essential to constitute an offense, such as the offense of robbery, the accused may show that he was too drunk to have any intent at the time he committed the act.

2. JOINDER OF OFFENSES.—When one presents a pistol at two persons at the same time and compels both to surrender their property at once he is, if guilty at all, guilty of two separate acts of robbery, and may be separately indicted and tried for the two offenses.

J. L. ELLISTON FOR APPELLANT.

Argued orally.  Brief withdrawn.

W. J. HENDRICK, ATTORNEY GENERAL, FOR APPELLEE.

Argued orally.  Brief not in record.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The appellant was tried and convicted under two indictments for robbery, found by the grand jury of Rowan county, and his punishment fixed in each case by confinement in the State prison for the period of two years.  He has brought the case to this court for revision.

The facts show that the accused, in July, 1889, and when in an intoxicated condition, as he was on his way from a picnic, met or overtook James Salyers and James Han in the public road, presented his pistol at them and demanded that they should surrender their watches and money.  This they did, and the appellant taking possession of them required Han, one of the parties who had surrendered his watch, to go with him to the house of William Powers, a few miles distant, where Han remained until

Keeton v. Commonwealth.

night and then left for home. The parties lived not far from each other, and so far as this record shows were on friendly terms. The motive on the part of the appellant was either to place these parties in fear in order to deprive them of their property and convert it to his own use, or he was so much under the influence of liquor as not to know what he was doing or had done, and if such was his mental and physical condition he could not have taken the property of Salyers and Han with a felonious intent. He made no effort to conceal the property, and when he regained consciousness, finding that he had the watches and money in his possession, immediately returned them to their owners. He was unable to deliver them in person as by some means he had been wounded in the thigh by a pistol shot, the manner of its infliction being unexplained by this record. The evidence as to his mental and physical condition at the true time of the alleged crime, and as to his return of the watch and money, was excluded from the jury upon the idea that voluntary intoxication is no excuse for crime, and, therefore, the assault on Salyers and Han, resulting in their delivery to the accused of the property, makes him guilty of robbery, although the assault and the taking by the accused was without any felonious intent. In other words, the facts upon which the accused based his defense in order to show an absence of a felonious purpose was held to be incompetent and a conviction necessarily followed.

The testimony offered should have gone to the jury so that they might determine the intent of the accused when he made the assault. It has been held by this court in more than one case that drunkenness is no excuse for crime, and constitutes no defense even in a case of homi-

cide where the accused was unconscious of the nature of the act, if that condition of his mind was the result of voluntary intoxication with a knowledge of the effect of liquor on his passions, still it has been adjudged in those same cases that the physical and mental condition of the accused at the time of the homicide is competent to show an absence of malice and thus reduce the crime from that of murder to manslaughter. Malice being one of the essential ingredients of murder, if the accused was so unconscious as evidenced his want of capacity to entertain malice, then his offense is manslaughter. (Shannahan v. Commonwealth, 8 Bush, 463; Buckhannon v. Commonwealth, 86 Ky., 110.)

If, therefore, the degree of guilt in cases of homicide is to be determined by the capacity of the accused to premeditate the crime, that is to kill with malice, it must follow, and such is the well recognized doctrine on the subject, that in cases where the intent or purpose of the party is a necessary element to constitute the crime it is competent to show that the physical and mental condition of the accused was such as shows him unable to entertain or form a felonious intent.

A distinction is plainly drawn between cases where the act done constitutes the offense and cases where there must be combined with the act done the intent of the accused, in order to constitute the offense; for instance, where one kills another the act done constitutes the offense, but where one takes the property of another to make it larceny a felonious intent must be shown, and while this may be inferred from the character of the taking the defense may show that he was unconscious at the time or too drunk to have any intent. (Roberts v. The People, 19 Mich.,

401; People v. Walker, 38 Mich., 156; People v. Harris, 29 Cal., 678; Wood v. State, 34 Ark., 341.)

His drunkenness would be no defense to an indictment for an assault because the act of pointing the pistol constitutes the offense and the question of intent would not be involved. The evidence offered should have gone to the jury.

The appellant further insists that the act of robbery, if committed, was but one offense, and the pistol having been pointed at both Salyers and Han at the same time, and the property of each surrendered at the same time, the verdict and judgment in the one case was properly pleaded in bar to the other. We can not concur with counsel in this view of the law. If the party is guilty it is robbery from the person of each of the owners of this property, as much so as if the accused had gone to the one and taken from him his property and then to the other, and the fact that the pistol was drawn on each at the same time and the property delivered at once does not make the offense a unit. It was an assault on each and a robbery from the person for which an indictment in both cases can be maintained. The only question presented from the facts was that of the felonious intent, and this the jury must pass on.

For the reasons indicated the judgment in each case is reversed and remanded for proceedings consistent with this opinion.