CASE 82—JONAH HARDIN WAS INDICTED AND CONVICTED OF MALI-
CIOUSLY SHOOTING AND WOUNDING ANOTHER WITH INTENT TO KILL.

# Hardin v. Commonwealth.

APPEAL FROM LOGAN CIRCUIT COURT.

DEFENDANT CONVICTED AND APPEALS. REVERSED.

MALICIOUS SHOOTING AND WOUNDING WITH INTENT TO KILL—STATU-
TORY DEFINITION—INSTRUCTIONS UNDER COMMON LAW.

Held: In a trial of one who is indicted under Kentucky Statutes,
section 1166, charging him with "unlawfully, wilfully and ma-
liciously shooting and wounding another with a deadly weapon
with intent to kill," which is a felony, and which covers the
minor offense under Kentucky Statutes, section 1242, of shoot-
ing and wounding another in a sudden affray or in sudden
heat and passion, without previous malice and not in self de-
fense," both being statutory offenses, must be tried under the
statute and not as a common law offense, and it was error in
the trial court in charging the jury "to find the defendant
guilty if they believed from the evidence he wilfully and ma-
liciously shot and wounded another with intent to kill him
not in his apparent self defense," by adding thereto the words
"and under circumstances reasonably calculated to excite his
passions beyond his power of self control."

MARMADUKE B. BOWDEN, for appellant.

The first error complained of is that the court erred in its instruction to the jury in defining the statutory offense under which appellant was indicted, by adding words not in the statute, requiring the guilt of the defendant to depend on *"circumstances reasonably calculated to excite his passions beyond his powers of self control."*

Our contention is that the statute does not explicitly even authorize the jury, once they are satisfied that the motive was "sudden heat and passion,' to consider whether the circumstances were such as were "reasonably calculated" to excite beyond control the passions of a man of *ordinary self control.* Baker v. Commonwealth, 6 Ky. Law Rep., 442; Slaughter v. Commonwealth, 15 Ky. Law Rep., 230.

CLIFTON J. PRATT, attorney general, and M. R. TODD, for appellee.

1. The objectionable words in the instructions are these: "And under circumstances reasonably calculated to excite his passions beyond his power of self control."

These words are not found in the statute, but we insist that the use of these words by the trial court were not prejudicial as they draw the line of separation between a wilful, malicious act and one done without premeditation and malice. The failure of the court to follow the language of the statute in the instructions on the trial for a statutory offense, is not a ground for a reversal provided the instructions embrace the meaning of the statute.

2. The defendant's motion for a new trial on the ground of newly discovered evidence was properly overruled, because (1) the evidence was merely cumulative, and (2) there was no diligence used in trying to procure it.

### AUTHORITIES CITED.

Kentucky Statutes, secs. 1242, 1166; Watson v. Com., 15 R., 360, Rapp v. Com., 14 B. M., 494; Com. v. Young, 2 Duv., 375; Wilson v. Com., 3 Bush, 105; Baker v. Com., 6 Rep., 442; Slaughter v. Com., 15 Rep., 230; Bishop's New Crim. Law, vol. 2, sec. 710; Campbell v. Com., 10 Rep., 978; Crim. Code, sec. 269; Gamble v. Com., 15 Rep., 477; Cosby v. Com., 12 Rep., 982; Hatton v. Com., 7 Rep., 46; Edington v. Com., 7 R., 377.

Opinion of the court by JUDGE NUNN—Reversing.

The appellant was tried in the Logan circuit court on an indictment charging him with unlawfully, wilfully, and maliciously shooting and wounding one Will Gaines,

with the intent to kill said Gaines; and on the trial the evidence showed that the appellant was at the time the keeper of a poolroom in the town of Russellville, and Gaines and others were in front of his building, using boisterous language, and that appellant went out of his room, on the pavement, where the parties were, and requested them to keep quiet or leave, and appellant and Gaines had an altercation of words, all that was said and done not being made clear; but the accused stepped back, or in his door, and fired and wounded Gaines in the leg.

The court gave to the jury instructions, of which No. 2 was excepted to by the appellant, and is as follows: "The court instructs the jury that if they believe from the evidence, to the exclusion of a reasonable doubt, that the defendant, Jonah Hardin, did, in Logan county, Ky., within one year before the finding of the indictment, unlawfully and wilfully, and not in his necessary self-defense, or apparently necessary self-defense, and in sudden affray, or sudden heat and passion, without previous malice, and under circumstances reasonably calculated to excite his passions beyond his power of self-control, shoot at and wound one Will Gaines, upon his body or person, with a pistol, a deadly weapon, loaded with leaden ball or balls, or ball or balls of other hard substance, with the intent to kill him, but without so doing then and in that event the jury shall find the defendant not guilty as charged in the indictment, but guilty of shooting and wounding in sudden affray, or sudden heat and passion, and fix his punishment at a fine of not less than $50 nor more than $500, or imprisonment in the county jail for a period of time not less than six months nor more than twelve months, or both fine and imprisonment, in their discretion.

Prior to the enactment of the statutes defining the of-

fenses described in sections 1166 and 1242 of the Kentucky Statutes, the offenses named therein were misdemeanors under the common law. The Legislature of the State deemed it necessary to enact statutes with reference to such offenses, and in doing so it defined the offense of shooting and wounding another, as described in section 1166, and the offense of shooting in sudden affray or in sudden heat and passion, as defined in section 1242, and fixing the penalties to be imposed under each section. The offense as defined in section 1242 is, "If any person shall, in sudden affray or in sudden heat and passion, without previous malice, and not in self-defense, shoot at," etc. This we understand to be a complete definition of the offense to be punished by said section. If the Legislature had intended that the language used in instruction No. 2, "and under circumstances reasonably calculated to excite his passions beyond his power of self-control," be added to said definition, it would have been in said section.

It is contended by the Commonwealth that the same principles governing a prosecution under sections 1166 and 1242 of the Statutes are the same as the common law offenses of murder and voluntary manslaughter; and counsel refer this court to the cases of Rapp v. Com., 14 B. Mon., 615, and Com. v. Yancy, 2 Duv., 375. In these cases the court was discussing common law offenses, and the language used by the court is subject to the construction claimed by the attorney general. But in our opinion the cases referred to have no application to prosecutions under the two sections of the statutes above referred to, for the reason that the common law definition of murder is a very different thing from the statutory offense of shooting and wounding as described and defined under section 1116, and the definition

of the common law offense of voluntary manslaughter is a very different thing from the statutory offense of shooting and wounding as described and defined under section 1241 of the statutes; and the court, in said instruction No. 2, should have confined itself to the definition as given in section 1242 of the statutes, and the interpolation of the language referred to was prejudicial to the appellant.

Wherefore the judgment of conviction of appellant is reversed, and the case remanded to the lower court for proceedings consistent with this opinion.