## Commonwealth v. Browning.

(Decided February 14, 1912.)

### Appeal from Harlan Circuit Court.

Criminal Law—Where Two Persons Wounded by Same Shot, Conviction for Shooting One, Not Bar to Prosecution for Shooting the Other.—The conviction of appellee, under an indictment for shooting at and wounding Marion Stewart, was not a bar to his prosecution under another indictment for shooting and wounding Robert Caywood, although both were wounded at the same time,

and by one and the same bullet from a single discharge of appellee's pistol.

JAMES GARNETT, Attorney General and M. M. LOGAN, Assistant Attorney General for appellant.

W. F. HALL and J. S. FORRESTER for appellee. .

OPINION OF THE COURT BY JUDGE SETTLE—Certifying the Law.

Two indictments against the appellee, Will Browning, were returned by the grand jury of Harlan County at the same term of the circuit court of that county. One of them charged that he, wilfully and maliciously shot at and wounded Marion Stewart, with the intent to kill him; the other that he wilfully, maliciously, and with like intent, shot at and wounded Robert Caywood.

It does appear from the record whether the shooting was done with a gun or pistol, but it does appear that appellee was engaged in a difficulty with Stewart and Caywood at the time of the shooting; that he shot at them but once and that both were struck and wounded by one ball or load of shot, though neither died of the wound received.

It also appears that appellee was first tried for the shooting and wounding of Stewart, and that notwithstanding his plea of not guilty and claim that the shooting of Stewart was in self defense, the jury by their verdict, found him not guilty as charged in the indictment, but guilty of shooting and wounding him in a sudden affray, or sudden heat and passion, and fixed his punishment at a fine of $250.00, and thirty days' confinement in jail. When, at a subsequent term of the court, appellee was put upon his trial for the shooting of Caywood, he filed a writing containing a plea in bar, based on his conviction on the trial under the indictment for shooting and wounding Stewart. By agreement between appellee and the Commonwealth's attorney, entered of record, a jury was waived, and the case submitted to the court for trial and judgment upon the plea of former conviction and agreed facts relied on by appellee in support thereof.

While not so stated in the agreement of the parties, it seems to have been understood by them that in the event the court refused to sustain appellee's plea of former conviction, it would adjudge him guilty of shoot-

-ing and wounding Caywood in a sudden affray or sudden heat and passion, and inflict upon him adequate punishment therefor by way of a fine.

The court, however, sustained appellee's plea of former conviction and entered judgment dismissing the indictment, and from that judgment the Commonwealth prosecutes this appeal.

The record presents but one question for decision, viz: Was the conviction of appellee for the shooting and wounding of Stewart-a bar to his prosecution for shooting and wounding Caywood?

It is urged by his counsel that the plea in bar was properly sustained as the shooting and wounding of both Stewart and Caywood resulted from one and the same act or shot, and that the trial and conviction of appellee for the shooting and wounding of the former necessitated proof of every fact essential to his conviction for shooting and wounding the latter, the facts being so blended that they could not be separated.

The authorities cited by counsel for appellee do not sustain his contention, they simply hold, in effect, that more than one offense cannot be carved out of the same unlawful acts, where such acts had but one result. There had been an election on the part of the Commonwealth in those cases to prosecute the wrongdoer for one offense, that included others arising out of the same transaction. Thus in Carmen v. Commonwealth, 25 R., 1048, one of the cases relied on, it was properly held that a conviction in a magistrate's court for the offense of shooting at random on the public highway was a bar to a subsequent prosecution in the police court, and on appeal, in the circuit court, for flourishing and using a deadly weapon in a threatening manner, where the two offenses were parts of the same transaction. The same ruling, upon a similar state of facts, was made by us in Reddy &c. v. Commonwealth, 17 R., 536, another of the cases relied on by appellee's counsel, but in the case at bar the test to apply is stated as follows, in Cooley's Constitutional Limitations, at page 328:

"If the indictment or information were such that the accused might have been convicted under it on proof of the facts by which the second is sought to be sustained, then the jeopardy which attached to the first must constitute a protection against a trial on the second."

Manifestly, appellee, if first tried for the shooting and wounding of Caywood, could not be convicted on

proof that he shot Stewart, though both Caywood and Stewart were wounded by one and the same shot. As well might it be argued that in the killing of several of the same family by putting poison in the food eaten by them, conviction of the poisoner for the death of one of them would bar a prosecution for the killing of the others.

If one should throw a bomb in a crowd and kill several persons, it could not be maintained that his conviction for the death of one of them would bar a prosecution against him for the killing of any of the others. It seems to us that the mere statement of appellee's contention constitutes its refutation.

The offenses committed by appellee were not included within one another, though resulting from the same act, but were separate and distinct offenses, therefore, he was not protected by section 13, Bill of Rights, against a prosecution for either by a conviction or acquittal for one of them.

It is true that in cases of offenses, included within one another, if a person has been put in jeopardy for the one which includes all the rest, he has been in such jeopardy as to each of the others, and this is often true where he has been put in jeopardy for even the lowest of the offenses, such jeopardy will bar a prosecution for the others. (1st. Bishop Criminal Law., Sec. 1056.) But this rule does not apply where the two or more offenses arising out of the same transaction are not, as in this case, included one within the other.

In our opinion the circuit court erred in adjudging that the appellee's conviction under the indictment for shooting and wounding Stewart barred his prosecution for shooting and wounding Caywood. We can not in view of his acquittal, reverse the judgment, but the conclusion expressed in the opinion is certified to the circuit court as the law of the case.