## Middleton v. Commonwealth.

(Decided April 17, 1923.)

## Appeal from Harlan Circuit Court.

1. Criminal Law—Acquittal for Transporting Liquors Does not Bar Subsequent Conviction for Sale.—A former trial and acquittal on a charge of transporting intoxicating liquors does not bar a subsequent prosecution for unlawfully selling intoxicating liquor, although it was based on the same testimony by the same witness,

since Acts 1920, chapter 81, section 1, makes the unlawful transportation and the unlawful sale separate and distinct offenses.

2. Criminal Law—Written Plea of Former Jeopardy and Proof Must Show Offenses are the Same.—One who would claim immunity from prosecution, under Constitution, section 13, prohibiting double jeopardy, must invoke the constitutional guaranty by a written plea, supported by proof showing that the second indictment is based on the same criminal act which was the basis of the indictment on which defendant was previously convicted or acquitted.

J. B. SNYDER for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The appellant, Calvin Middleton, was indicted February 4, 1922, by the grand jury of Harlan county for the offense of unlawfully selling intoxicating liquor in violation of chapter 81, section 1, Acts General Assembly 1920. On his trial, which occurred at the November term, 1922, of the Harlan circuit court, the jury returned a verdict finding the appellant guilty of the offense charged in the indictment and fixing his punishment at a fine of $200.00 and imprisonment of sixty days in jail. He was refused a new trial, and has appealed from the judgment of conviction.

The only ground relied on by the appellant for the reversal sought of the judgment is error alleged to have been commited by the trial court in refusing to sustain, or submit by proper instruction to the jury, his plea of former trial and acquittal interposed on this trial as a bar to his prosecution for the offense charged in the indictment, in which plea it was alleged that he was tried and acquitted "on said charge" at a previous term of the Harlan circuit court on the testimony of the same witness who "testified as to the said facts as contained in this indictment." It appears, however, from the bill of evidence contained in the record that the offense for which he was indicted and upon which he was, as alleged in the plea in bar, previously tried and acquitted, was that of unlawfully transporting intoxicating liquor; whereas in the instant case, the offense charged in the indictment and of which the appellant was convicted, was, as stated in the beginning of the opinion, that of unlawfully selling intoxicating liquor, i. e., making a sale of such liquor for other than sacramental, medicinal, mechanical or scien-

tific purposes; and it is patent from the provisions of chapter 81, section 1, Acts 1920, under which both indictments were found, that the offenses in question were separate and distinct offenses; for by those provisions it is declared an offense to sell, keep for sale, have in possession, or transport spirituous, vinous or malt liquors not for sacramental, medicinal, mechanical or scientific purposes. Manifestly, each of the acts denounced, committed in the manner indicated, would constitute a separate and distinct offense, though the penalty provided for the commission of each is the same. Hence, there would seem to be no escape from the conclusion that neither the acquittal nor conviction by trial of a defendant charged by indictment with the offense of unlawfully transporting intoxicating liquor in violation of the statute, *supra,* would legally operate as a bar to his subsequent trial or conviction in a prosecution under an indictment charging him with the offense of unlawfully selling intoxicating liquor, the commission of which is equally a violation of the statute and by its terms declared a distinct offense. And this would be true although on the trial of the defendant under the indictment for the unlawful sale of the liquor his conviction thereof may, as claimed of that of the appellant in this case, have been caused by the testimony of the same witness whose testimony of the same facts on his previous trial under the indictment charging an unlawful transporting of the liquor by him, resulted in his acquittal of that offense. That is to say, proof of the sale of the liquor by appellant in the prosecution for transporting it, was no more necessary to establish his guilt of that offense than was proof of its transportation by him in the prosecution for selling it necessary to establish his guilt of the latter offense.

One who would claim immunity from prosecution from a criminal or penal offense under the laws of this state upon the ground of a former trial and his conviction or acquittal of such offense, must show his right to avail himself of the protection afforded by the provision of its Constitution contained in section 13, Bill of Rights, which declares: "No person shall, for the same offense, be twice put in jeopardy of his life or limb." The constitutional guaranty thus conferred must be invoked by a written plea, supported by proof, showing that the second indictment is based upon the same criminal act which was the basis of the indictment upon which the defendant was previously convicted or acquitted. Criminal Code, sec-

tions 164, subsection 4, 176; Head v. Commonwealth, 174 Ky. 841; State v. Klugherz, 91 Minn. 406, Ann. Cas. 307. An excellent statement of the meaning of the constitutional provision, *supra,* is contained in the following excerpt from the opinion of this court in Wingfield v. Commonwealth, 197 Ky. 331:·

"A plea of former jeopardy to be sufficient must disclose not only that the evidence heard upon a former trial was substantially the same, but it must disclose that the charge formerly tried was the same charge now being tried, or some degree of it, and that the same criminal act was involved upon each trial."

In Commonwealth v. Roby, 12 Pick 496, it is said:

"In considering the identity of the offense, it must appear by the plea that the offense charged in both cases was the same in law and in fact."

In Miller v. State, 33 Ind. App. 509, the test with respect to such a plea is thus declared:

"When the facts necessary to convict on a second prosecution would not necessarily have convicted on the first, then the first prosecution will not be a bar to the second."

It is apparent from the facts disclosed by the record and the law as announced by the authorities, *supra,* that the plea of former acquittal interposed by the appellant in this case, was not a bar to his conviction of the offense charged therein. Hence, the judgment is affirmed.