## Commonwealth v. Mathis.

(Decided May 23, 1924.)

### Appeal from Spencer Circuit Court.

1. Criminal Law—One Entering Public Office and Seeing Officer in Possession of Liquor May Testify Thereto Though Without Search Warrant.—Office occupied by tax commissioner of county was a public place, and persons entering there and seeing such officer in open possession of intoxicating liquors could testify thereto, though they had no search warrant.
2. Criminal Law—Conviction for Drunkenness and Disorderly Conduct Does Not Bar Prosecution for Possession of Liquor.—A convic-

tion for "drunkenness and disorderly conduct," will not bar subsequent prosecution for possession of intoxicating liquor.

3. Criminal Law—Former Jeopardy Must be Pleaded as Provided by Statute.—Without plea of former jeopardy in writing or entered of record as provided by Criminal Code of Practice, section 164, defendant cannot introduce evidence upon that subject.

4. Criminal Law—Proof of Identity of Offenses Necessary to Sustain Plea of Former Conviction.—Before a plea of former conviction or acquittal can avail it must appear that offense for which accused is about to be tried is identical with that for which he was tried.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellant.

L. W. ROSS and AMOS WILLIAMS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Certifying the law.

This appeal by the Commonwealth seeks a certification of the law applicable to the facts proven in evidence. Appellee Mathis is an officer of the county of Spencer. To him was assigned an office on the second floor of the courthouse and this he occupied in the discharge of his official duties. One evening the officers observed that Mathis was under the influence of intoxicating liquor, and after he went to his office they heard loud talking between him and others. The jailer and a deputy policeman went up in the court house to his office. It was dark but the door was not entirely closed. Mathis and others were in the room talking rather loudly. The officers pushed the door open and by the aid of a flashlight they observed appellee Mathis standing in his office holding a quart of moonshine whiskey in his hands. They had no search warrant, and it is the contention of appellee Mathis that the evidence which was given by these officers before a jury was inadmissible because obtained in an unlawful manner. Later the appellee Mathis was taken before the police court of the city by the deputy policeman, where two charges were registered against him, all under one heading, one for being drunk and disorderly and the other for having intoxicating liquor in possession. The records of that court show that the latter charge was stricken out by pen, while appellee was fined $50.00 and costs upon the charge of being drunk and disorderly. He now relies upon that trial and conviction as a bar to prosecution in this case.

1. The office which appellee occupied as tax commissioner of Spencer county was a public one to which the

public generally, including the witnesses, had a lawful right to go and to be. They had a right to enter the office, the door standing ajar, because it was a semi-public place and belonged to the public. Of course they had no right to make a search of the office without a warrant so to do, but when they entered the office and observed appellee Mathis in possession of intoxicating liquors they were not disqualified as witnesses. They did not obtain the information given as evidence before the jury on the trial by reason of any search made by them of the office. They obtained that evidence by going to the office to which they had a right to go and in which they had a right to be. While there the witnesses saw appellee in the open and obvious possession of moonshine whiskey. Had they found him upon the street in possession of the whiskey they could have testified concerning what they saw without proving that they had a search warrant. We have held that a soft drink stand is a public place to which one may go and if he sees intoxicating liquors passed over the counter he may testify to the fact even though he had no search warrant and went there officially for the purpose of observing what was going on and to make an arrest, if a violation of the law occurred. Neal v. Commonwealth, 203 Ky. 353.

The trial court erred in excluding this evidence from the consideration of the jury.

2. The charge upon which appellee Mathis was tried in the police court was "drunkenness and disorderly conduct." One may be guilty of those offenses and yet at the same time not be guilty of having in his possession intoxicating liquors for other than the purposes allowed by law. A conviction of appellant for drunkenness and disorderly conduct was not a bar to a prosecution for having in his possession intoxicating liquors in violation of the Rash-Gullion Act. The record does not show that appellee Mathis pleaded former jeopardy in the manner required by the Criminal Code, section 164. Without such plea in writing or entered of record he could not introduce evidence upon that subject. Shirley v. Commonwealth, 143 Ky. 183; Fugate v. Commonwealth, 171 Ky. 227; Newton v. Commonwealth, 198 Ky. 707. Before a plea of former conviction or acquittal can avail it must appear that the offense for which the accused is about to be tried is identical with that for which he was tried and

acquitted on a former trial. Middleton v. Commonwealth, 198 Ky. 626, Newton v. Commonwealth, 198 Ky. 707.

"It is true that in cases of offenses, included within one another, if a person has been put in jeopardy for the one which includes all the rest, he has been in such jeopardy as to each of the others, and this is often true where he has been put in jeopardy for even the lowest of the offenses, such jeopardy will bar a prosecution for the others. (1st Bishop Criminal Law, section 1056.) But this rule does not apply where the two or more offenses arising out of the same transaction are not as in this case included one within the other." Commonwealth v. Browning, 146 Ky. 770.

The trial court erred in peremptorily directing the jury to find and return a verdict for appellee Mathis, and the law is so certified.