## Lee Wallace, Alias Harl Jenkins, Alias R. M. Brown v. Commonwealth.

(Decided February 3, 1925.)

### Appeal from Jefferson Circuit Court (Criminal Division).

1. Criminal Law—Test Stated for Determining Whether Offense for which Former Conviction had Identical with that Involved in Instant Prosecution.—Conviction of defendant for maliciously shooting officer in effort to escape, under Ky. Stats., section 1166, was not a bar to prosecution for shooting other officer, unless facts necessary for conviction for shooting other officer would have convicted defendant of charge on which he was previously convicted.

2. Criminal Law—Conviction for Shooting One Officer in Effort to Avoid Arrest Held Not Bar to Subsequent Prosecution for Shoot-

ing Other Officer in Such Effort.—Where defendant, in effort to escape, shot different officers from different points and at different distances and different angles, conviction for shooting one officer under Ky. Stats., section 1166, was not bar to subsequent prosecution for shooting other officer.

3. Criminal Law—Testimony as to Shooting at a Number of Officers Admissible in Prosecution for Shooting One of Them.—Where defendant, in effort to avoid arrest, fired at different officers from different points and at different distances, evidence as to all of the shooting was admissible in prosecution for shooting one of the officers under Ky. Stats., section 1166.

4. Criminal Law—Instruction as to Law where Shooting is Done in Sudden Affray Without Previous Malice should have Defined Affray.—In prosecution for shooting officer under Ky. Stats., section 1166, instruction on law, where shooting is done in sudden heat of passion or sudden affray, and without previous malice, should have defined the word "affray."

5. Affray—"Affray" Defined.—An "affray" is the mutual combat of two or more persons in a public place to the terror of the people.

6. Criminal Law—Failure of Instruction to Define "Affray" Held Harmless.—In prosecution for shooting officer while trying to escape arrest, in which defendant was convicted of maliciously shooting at and wounding officer with intent to kill, failure of instruction on the law, where shooting is done in sudden heat of passion or sudden affray and without previous malice, to define "affray" held harmless.

7. Homicide—Erroneous Instruction Favorable to Defendant Held Not Ground for Reversal.—In prosecution for maliciously shooting officer with intent to kill under Ky. Stats., section 1166, instruction as to law, where shooting is done in sudden heat of passion or sudden affray, and without previous malice, though erroneous because of use of words "with intent to kill him," was not ground for reversal, being favorable to defendant.

8. Homicide—Refusal of Instruction on Reckless Shooting Held Not Error.—In prosecution for shooting officer, in which the evidence showed that defendant had fired at different officers in effort to avoid arrest, refusal to instruct on law of reckless shooting held not error.

9. Criminal Law—Omission of Expression "and in Good Faith did Believe" from Instruction on Conduct of Officer Shot by Defendant Held Not Error.—In prosecution for shooting officer, omission from instruction of expression "and in good faith did believe" held not error, where court directed jury that if it "believed from the evidence beyond a reasonable doubt that the police believed, at the time of the arrest," etc.

MAT J. HOLT for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

Opinion of the Court by Judge Sampson—Affirming.

The indictment upon which appellant Wallace was convicted accused him of "maliciously shooting at and wounding officer W. M. Ashby, with intention to kill the said Ashby." A trial resulted in a conviction, the punishment being fixed at confinement in the state penitentiary for a period of five years, under section 1166, Kentucky Statutes. Wallace prosecutes this appeal.

On the 18th of February, 1924, appellant Wallace and one Stacey came into Louisville in an automobile bearing an Illinois license number for 1923, and drove into a garage on Center street not far from Chestnut, and asked that the car be washed and put in condition. This was about four o'clock in the afternoon. They left the garage with the statement that they would be back in about an hour. When the keeper of the garage noticed the Illinois license number and found an Indiana license plate in the car and two big pistols, he called up the police department and gave them the license numbers and received information that the car was stolen. Later two members of the police force of Louisville, whose duty it was to look after stolen automobiles, appeared at the garage. They later called in other policemen and awaited the return of appellant and his companion. About five o'clock they came in. On being pointed out to the officers appellant and Stacey were arrested. One of the officers called the patrol wagon. Appellant and Stacey were loaded into it, two officers accompanying them and another acting as chauffeur. When the patrol reached the corner of Jefferson and 6th street near the City Hall it began to slow up. At the same instant both appellant and Stacey sprang up with drawn pistols, pointing one at each officer in the patrol wagon. When the officers attempted to subdue them one was shot in the wrist and the other was hit over the head. Appellant and his companion then stepped from the patrol and started to run. As they did so the officer driving the car alighted and as he did so was shot by appellant. Appellant and Stacey ran down Jefferson street towards the intersection of 7th street; in doing so they fired a number of shots at different officers. As appellant reached the intersection of 7th and Jefferson streets officer Ashby alighted from a street car on his way to work. He was in uniform. When he saw appellant running down the

street with a pistol in his hand and officers pursuing him. Ashby commanded appellant to halt, whereupon appellant turned and fired at him, striking him in the hip, inflicting a severe wound, and it is from a conviction for this crime that appellant is now appealing.

Seven indictments were returned against appellant Wallace as a result of the shooting occurring in the running fight. Two or more of the cases have been tried and appellant convicted and given sentences of five years in the penitentiary in each case before this case came up.

Relying upon his conviction in the former cases as a bar to a prosecution under this indictment, appellant filed a written plea of former trial and conviction on the theory that the whole affair constituted but one public offense. Appellant's plea in abatement is as follows:

"Comes the defendant, Lee Wallace, and files this his plea in abatement, and as grounds therefor, states that at this time in this court by indictment returned on the same day there are pending against him seven indictments involving the same transaction and charging him with the same alleged offense and transaction, to-wit: 49428, 49429, 49431, 49432, 49433, 49434 and 49435, in this respect that in a fight which occurred in Louisville, Kentucky, on the — day of February, 1924, he is alleged and charged with the offense of the malicious shooting and wounding in indictment No. 49428 of M. J. Glasscock, 49429 of W. M. Ashby, and 49430 of Richard E. Distler and with the offense of malicious shooting at without wounding in indictment No. 49431 of M. D. Lake, 49432 at W. M. Ashby, 49433 Cecil Ezell, and 49434 C. D. Hazel; and that in the said several indictments the plaintiff, the Commonwealth, has divided an act constituting one offense into seven different parts, and seeks to prosecute this defendant under each of said indictments, where each of the alleged offenses occur out of an identical transaction."

Appellant complains that the court, "without the Commonwealth having filed demurrer to the pleas or otherwise responding, and without any proof being submitted, overruled said plea." He also complains that the court refused to permit him to submit proof to establish his plea of former conviction by introducing the records in each of the two cases. There was, however, no controversy about the facts. It was admitted that

appellant fired the shots at the several officers, striking some of them and missing others, therefore, only a question of law was presented. But it is insisted that the shooting was in sudden heat of passion or sudden affray and without previous malice and therefore a misdemeanor only.

Appellant also complains that the trial court allowed the Commonwealth to introduce incompetent evidence to his great prejudice. He also insists that the trial court refused to allow him to introduce certain competent evidence offered by him, and this related to his plea of former jeopardy. He further insists that the court erred to his prejudice in failing to give an instruction on the law of former jeopardy. His 7th objection is that the verdict is flagrantly against the evidence. He insists that under proper instruction the jury would only have found him guilty of shooting and wounding in sudden affray. His 8th ground is that the trial court refused to allow him, in his opening statement, to detail the facts as he understood them and to state what he could show by record in support of his plea of former conviction. These several grounds, as will be seen, relate largely to appellant's plea of former trial and conviction, and we will consider these first.

It is the contention of the Commonwealth that each shot fired by appellant at a different time and place and at a different person, even though in close proximity in point of time, was a separate and distinct offense, which subjected appellant to indictment, trial and conviction independently of all other charges.

On the other hand appellant contends that it was but one running fight and when the Commonwealth tried appellant for shooting and wounding one of the officers it made its election and was not entitled to prosecute him for shooting and wounding, or shooting at without wounding, either of the other officers. This all depends upon whether it was a single offense or several offenses.

In the case of Scarf v. Com., 195 Ky. 835, we said:

"Many rules have been promulgated and adopted for the determination of that question in the light of the various circumstances under which it was presented, but only one of which is necessary to be considered under the facts disclosed by this record, and there is no dissent by any court, or contrariety of statement by any text writer, as to how it should be determined. It is, that 'when the facts

necessary to convict on the second prosecution would necessarily have convicted on the first, a final judgment on the first prosecution will be a bar to the second one.' 8 R. C. L. 143; notes to the case of Roberts v. State, 58 Am. Dec. 536; notes to the case of State v. Rose, L. R. A. 1915A, 256; cases cited in note 21 to above quoted text; 16 Corpus Juris 265, and cases cited in note 48. Wharton's Criminal Law, volume 1, seventh edition, section 565; Cooley's Constitutional Limitations, page 328; Chesapeake & Ohio R. R. Co. v. Commonwealth, 88 Ky. 368, and Shirley v. Commonwealth, 143 Ky. 183. The text in the cited Corpus Juris, which is supported by many cases from almost all English-speaking jurisdictions, in stating the rule says: 'If the evidence which is necessary to support the second indictment was admissible under the former, was related to the same crime, and was sufficient if believed by the jury to have warranted a conviction of that crime, the offenses are identical, and a plea of former conviction or acquittal is a bar.' The rule is not affected by the fact that the acquittal pleaded in bar was the result of a peremptory instruction by the court so directing. Corpus Juris, *supra*, 256; Commonwealth v. Adkins, 171 Ky. 299, and cases referred to therein.''

Unless the facts necessary for a conviction of appellant in this prosecution for shooting officer Ashby would have convicted appellant of one or the other charges for which he had been previously tried, a final judgment in those cases was not a bar to a prosecution under this indictment for shooting Ashby. Let us begin with the first shooting and analyze the situation. There was no trouble between the officers and appellant, Wallace, and his companion Stacey until the patrol slowed up near the City Hall, at which time the officers were covered by guns in the hands of appellant and Stacey. At that time one of the officers was shot in the wrist and the other was hit over the head with a pistol. These were separate offenses, entirely distinct from the shooting of Ashby, which occurred at the intersection of 7th and Jefferson streets a short while thereafter. The evidence of the shooting of Ashby at the corner of 7th and Jefferson would not have supported a conviction of appellant for shooting officer "A" in the patrol wagon at the corner of

6th and Jefferson even though it happened only a few moments before.

Officer LeGrand was shot first by Stacey in the patrol; an instant later Wallace shot and wounded officer Distler in the patrol. After Wallace stepped out of the car he saw officer Glasscock, who was acting as chauffeur, getting off of the car and he shot Glasscock. Appellant and Stacey then ran down the street, the officers in pursuit.

Let it be supposed that appellant shot officer "A" in the patrol; after leaving the car and before starting to run he shot officer "B." As he ran down the street he shot at officer "C" without wounding him. After running a few steps further he fired at officer "D," and later wounded officer "E," each one of the shots being fired at a different time and place and at a different person. Would not each shot constitute a separate offense? Could he be convicted of shooting officer "A" on the evidence that he shot officer "B" a moment later, at a different place? Or, would the evidence of his having shot at officer "B" be sufficient to have convicted appellant of shooting officer "A" or officer "C?" The mere statement of the proposition refutes appellant's contention that his trial for shooting officer "B" was a second jeopardy for the crime of shooting officer "A." It is clear that the facts necessary to convict on a prosecution for shooting officer "B" would not have convicted appellant on a charge of shooting officer "A." Therefore a final judgment on the first prosecution is not a bar to the prosecution on the second charge. The real point on which appellant Wallace relies to establish his immunity from prosecution on this indictment is absolutely inapplicable to the facts of the case. The evidence which was admissible in support of the second indictment against appellant was also admissible under the former indictment, but it did not relate to the same crime except as a matter of history and as showing the relation of one of the crimes to the other and was insufficient, if believed by the jury, to have warranted a conviction of appellant on the former trials. The defenses, therefore, were not identical and the plea of former conviction is not a maintainable.

If appellant's contention is correct then one who fires a pistol at another with intention to kill him, whether wounding him or not, is privileged to shoot at any number of other persons, one at a time, with like intention, provided he keeps up the fusillade, and he can be tried

and convicted of but one offense although he may have shot and wounded divers other persons at different angles and places, from different points and at different instances. The unsoundness of such contention must be apparent to everyone.

> "It has often been held, that because two acts are so nearly connected in point of time, the evidence relating to both of them cannot be separated upon the trial for the one first had, does not make the conviction or acquittal of the one first tried a bar to the trial for the other act, when they are separate and distinct acts. The concrete rule to be deduced from the foregoing opinions, by which to determine, whether the acts, committed at the same time and place, constitute one or more offenses, is, if what is set out in the second indictment had been proven on the trial of the first indictment and it sustains the indictment, then the two indictments are for the same offense. If what is set out in the second indictment, when proven upon the trial of the first, will not sustain it, then they are distinct offenses, and the conviction or acquittal of either is not a bar to the other." Siegel v. Commonwealth, 177 Ky. 240.

To the same effect is the opinion in the case of Commonwealth v. Anderson, 169 Ky. 372, where we said:

> "Most generally the question involved here has been presented to the courts for their determination where the prosecuting power had endeavored to carve out of a single transaction separate offenses, and in such cases it has most universally been held that the plea under consideration would prevent the prosecutor from doing this, but we have been unable to find any case holding that where by two separate and distinct acts of the defendant, two separate and distinct offenses were committed, they could in any sense be called 'the same offenses,' as is required to successfully invoke the constitutional provision. The fact that these two distinct offenses were committed in close proximity as to time and while engaged in one affray, cannot be allowed to unify the two offenses when as a matter of fact they are not so. The time intervening between the commission of the two offenses can have no effect on the case whatever."

One of the strongest cases which has come to our attention is that of Commonwealth v. Browning, reported in 146 Ky. 770, where it was held that one who fires a single shot with intention to kill another, and thus wounds two persons with a single bullet, may be tried and convicted upon separate indictments for the malicious shooting of each of his victims. We, therefore, conclude that appellant's plea of former jeopardy based upon his trial and conviction for shooting other officers at other times during the running fight, was not well taken and was properly overruled by the court and not submitted to the jury. Commonwealth v. Mathis, 203 Ky. 359; Cooley's Constitutional Limitations, page 328; Seigel v. Com., *supra;* Commonwealth v. Anderson, *supra;* 12 Cyc. 289; Keeton v. Com., 92 Ky. 522; Fisher v. Com., 1 Bush 211.

Neither can appellant complain that the Commonwealth was allowed to introduce evidence concerning all the affray in which appellant shot several persons, including officer Ashby, for we have frequently held that where two acts are so nearly connected in point of time that the evidence relating to both cannot be separated upon the trial for the first one had, it does not make the conviction or acquittal on the first trial a bar to trial for the second act. Siegel v. Com., *supra;* Hughes v. Com., 131 Ky. 502; Turner v. Com., 19 R. 1161; Com. v. Vaughn, 101 Ky. 603; 12 Cyc. 280, 8 R. C. L. 148.

Appellant complains of the instructions given by the court to the jury, chiefly upon the ground that the court failed to instruct upon his plea of former conviction, with which we have already dealt. He next says that the court should have defined the word "affray" as used in instruction No. 2, and he cites and relies upon the case of Gillis v. Com., 202 Ky. 821. In the Gillis case, which was reversed on other grounds, we directed the court upon another trial to define the word "affray," but the judgment in that case would not have been reversed for this error alone. The court should have told the jury that an "affray is mutual combat of two or more persons in a public place to the terror of the people," but its failure to do so, while error, is not so prejudicial as to require a reversal of the judgment in this case.

He next complains of instruction No. 2, which gave the jury the law in cases where the shooting is done in sudden heat of passion or sudden affray and without previous malice. Appellant insists that the expression "with the intent to kill him" used in that instruction

was erroneous and prejudicial, and he relies upon the case of Hardin v. Com., 114 Ky. 722, wherein, after quoting section 1242 of the statutes defining the offense, we said:

"This we understand to be a complete definition of the offense to be punished by said section. If the legislature had intended that the language used in instruction No. 2, 'and under circumstances reasonably calculated to excite his passion beyond his power of self-control,' be added to said definition, it would have been in said section."

There was no intimation that the instruction should not have contained the language complained of by appellant, except that the opinion indicates the trial court should have confined his instruction to the definition of the offense given in the statutes.

The court should not have used the expression "with intent to kill him" in the second instruction. This was not to the prejudice of appellant but rather to his advantage, for before the jury could convict him even of the lower offense it was required to believe from the evidence beyond a reasonable doubt that he shot at and wounded the officer in sudden heat of passion or sudden affray, without previous malice, but with intention to kill him. Appellant was not therefore prejudiced by this error.

It is next insisted by appellant that the court should have given an instruction upon the law of reckless shooting. We do not think the facts would have supported such an instruction. There is no evidence tending to show that appellant Wallace fired shots at random or in any other way except with a fixed purpose to wound or kill the persons at whom he shot. Had he been waiving and firing his pistol, without a fixed aim, or firing at random such an instruction would have been proper. But one who takes deliberate aim and shoots at another, cannot be said to be guilty of reckless shooting within the meaning of the law.

Appellant insists that instruction No. 4 was erroneous in that it employed the word "police" instead of the words "officer Ashby;" and further that the omission of the words "had reasonable grounds to believe" was error, and there should have been inserted the words "and in good faith did believe." This objection, we think, hypertechnical. The omission of the expression

"and in good faith did believe" was not erroneous where the court had directed the jury "that if it believed from the evidence beyond a reasonable doubt, that the police believed, at the time of the arrest, etc." We think the court gave the whole law of the case by the instruction copied in the record.

We have examined the record with respect to the alleged misconduct of the Commonwealth's attorney in making the opening statement of the case to the jury and in his concluding argument to the jury, and find that these are practically all founded upon appellant's contention that the Commonwealth was not entitled to introduce evidence of any part of the affray save the particular shot under investigation, and that the attorney for the Commonwealth had no right to comment upon any part of the affray detailed in evidence save that which related to the particular shot under investigation. There is no merit in these contentions.

While this is an unusual case and presents some novel features we are satisfied that the appellant had a fair trial, and that no error prejudicial to his substantial rights was committed. The judgment is, therefore, affirmed.