## Slone v. Commonwealth.

(Decided Dec. 1, 1936.)

D. HOLLENDER HALL and DAN MARTIN for appellant.

B. M. VINCENT, Attorney General, for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

Under an indictment for the murder of Chester Jones, Winston Slone has been found guilty of voluntary manslaughter, sentenced to imprisonment for ten years, and is appealing. In addition to a plea of not guilty, appellant pleaded former acquittal of the offense charged in the indictment.

As grounds for reversal, it is argued (1) that he was entitled to acquittal under the latter plea; (2) that the court erred in instructing the jury; (3) that the verdict is palpably and flagrantly against the evidence; (4) that in his closing argument before the jury the Commonwealth's attorney made argument prejudicial to appellant's substantial rights; and (5) admission of incompetent and prejudicial evidence.

Briefly stated, the facts in substance are that appellant, deceased, and others were together going from place to place in Hindman on the evening of the regular election in November, 1935. There had been some drinking. Shortly after dark they went into Clark's drug store and while there some words passed between appellant and deceased and in an encounter that followed the latter was knocked to the floor. Friends who interceded separated them and appellant was taken out in the front of the store while deceased went toward the rear. In a short time deceased started out of the store and he and appellant met near the outer edge of the sidewalk where the difficulty was renewed.

A number of witnesses testified that deceased struck appellant a blow with his fist and knocked him down. Some testified that he himself fell near or across appellant and the evidence of others indicates that he did not fall entirely to the ground. Before appellant had arisen entirely to his feet, he fired three shots, killing

Chester Jones, and Kelly Adams who was at or very near the scene of the difficulty. While there were a number of witnesses present from the time the trouble first arose in the drug store until it ended with the fatal shooting, there is little evidence to indicate just how or out of what the feeling or trouble grew, but it is apparent that it was some trivial matter. Without detailing the evidence as to what occurred in the drug store, it may be said that viewing the evidence in a light most favorable to appellant it is quite apparent to say the least that the parties engaged in a mutual combat. Appellant testified that when he went out of the drug store he went across the sidewalk and to the opposite side of the street which was at least thirty feet in width, but that some one called him back and when he arrived at the edge of the street next to the drug store deceased came out and struck him on the side of the head or face with a bottle knocking him down, and was over him apparently attempting to strike him again when he fired the shots. Only one other witness out of a number who saw the difficulty testified that deceased had a bottle or anything else in his hand. The evidence of all others indicates that there was no weapon or missile of any character upon or about him at the time or immediately after the shooting. This one witness testified that deceased had something in his hand, but he would not state positively whether it was a bottle. A number of witnesses testified to threats made by appellant after he left the drug store and to statements indicating that he was waiting for deceased to come out; and the evidence shows that even if he had crossed to the opposite side of the street, as he testified, he returned in time to meet deceased just as he was coming out of the drug store.

At the same term of court that the grand jury returned this indictment it also returned one against appellant charging him with the murder of Kelly Adams. He had been tried and acquitted of the charge in the latter indictment and this was the basis of his plea of former acquittal in this case. Appellant's plea of former acquittal, of course, is based on section 13 of the Constitution, which provides that no person shall for the same offense be twice put in jeopardy of life or limb, and section 176 of the Criminal Code of Practice which is to the same effect, both of which are declarative of the common law.

Counsel for appellant cite and rely on a number of cases from foreign jurisdictions and few cases from this jurisdiction, however, the cases from this jurisdiction apparently have no application in this case and are at variance with numerous opinions of this court directly in point or bearing close analogy.

In the case of Keeton v. Commonwealth, 92 Ky. 522, 18 S. W. 359, 360, 13 Ky. Law Rep. 748, Keeton had robbed two men at the same time by taking property from each of them. By separate indictment he was charged with robbing each of them and having been convicted under one of the indictments he interposed a plea of former conviction on the trial of the other. The plea was disallowed by the trial court, and in affirming the lower court's ruling it was said:

> "If the person is guilty, it is robbery from the person of each of the owners of this property, as much so as if the accused has gone to the one and taken from him his property, and then to the other; and the fact that the pistol was drawn on each at the same time, and the property delivered at once, does not make the offense a unit. It was an assault on each, and a robbery from the person, for which an indictment in both cases can be maintained."

In Commonwealth v. Browning, 146 Ky. 770, 143 S. W. 407, 408, the accused was engaged in a difficulty with two persons and shot and wounded both with one shot. Two indictments were returned against him, each of which charged him with having willfully and maliciously shot and wounded the person named with intent to kill. On a trial on one of the indictments he was found guilty of shooting and wounding in sudden affray and it was held that the conviction in the former trial was no bar to his prosecution under the second indictment and in the course of the opinion it was said:

> "Manifestly, appellee, if first tried for the shooting and wounding of Caywood, could not be convicted on proof that he shot Stewart, though both Caywood and Stewart were wounded by one and the same shot. As well might it be argued that, in the killing of several of the same family by putting poison in the food eaten by them, conviction of the poisoner for the death of one of them would bar a prosecution for the killing of the oth-

ers. If one should throw a bomb in a crowd, and kill several persons, it could not be maintained that his conviction for the death of one of them would bar a prosecution against him for the killing of any of the others. It seems to us that the mere statement of appellee's contention constitutes its refutation.''

To the same effect, see Siegel v. Commonwealth, 177 Ky. 232, 197 S. W. 809; Middleton v. Commonwealth, 198 Ky. 626, 249 S. W. 775; Commonwealth v. Mathis, 203 Ky. 359, 262 S. W. 288; Wallace v. Commonwealth, 207 Ky. 122, 268 S. W. 809.

In Canada v. Commonwealth, 242 Ky. 71, 45 S. W. (2d) 834, it was held that an indictment charging the accused with maliciously shooting two persons stated two offenses and that upon demurrer to such indictment the Commonwealth should be required to elect for which offense it would prosecute and in Ridner v. Commonwealth, 242 Ky. 557, 46 S. W. (2d) 1102, it was held that an indictment charging defendant with wounding three named persons with intent to kill was demurrable as charging three separate and distinct offenses.

So without discussion of authorities from foreign jurisdictions it will be seen from the foregoing and other cases from this court that might be cited that the lower court properly disallowed appellant's plea of former acquittal. In this connection it may be said that no criticism is made of the instructions given, but it is merely urged that appellant's plea of former acquittal and the evidence to sustain it made an issue of fact which should have been submitted to the jury under proper instruction; but what we have already said concerning the first ground argued for reversal effectually disposes of this ground.

Our recitation of the facts shown by the evidence will also reveal the lack of merit in the contention that the verdict is palpably and flagrantly against the evidence. There is ample evidence to sustain a conclusion that appellant and deceased were engaged in a mutual combat and there is evidence and natural inferences arising therefrom which might sustain a conclusion that appellant was the aggressor. On the whole, the evidence was clearly sufficient to authorize a conclusion on the part of the jury that in no event was it necessary for appellant to use the force he did.

The argument made by the Commonwealth was taken down and copied into the bill of exceptions. We have carefully read and considered the portions to which objections were interposed and find no material departure from bounds of legitimate argument and certainly nothing that could be held prejudicial to appellant's substantial rights.

Concerning the fifth and final ground argued for reversal, the most serious question raised is that concerning the admission of certain evidence of Willie Cline. He had gone into the drug store with Rogers Sturdevant to assist him in carrying some merchandise and came out of the store just behind Sturdevant immediately before the shooting. He testified concerning threats made by a man standing near the door but whom he did not know. Standing alone this statement possibly would be inadmissible, but Sturdevant, who knew appellant, testified that he was standing near the door as he went out and heard him make some threatening remark or complain that he had been badly treated. Therefore, it is apparent that the court did not err in admitting the testimony of Cline. In any event, it could not be said that the admission of this evidence would constitute prejudicial error in view of the evidence of many other witnesses that the statements and attitude of appellant at the time were threatening. The other evidence which is complained of as improperly admitted was of a trivial and inconsequential nature and it is obvious that the error if any in its admission was not prejudicial. In the light of the record as a whole, we find no error prejudicial to appellant's substantial rights.

Judgment affirmed.