**COMMONWEALTH of Kentucky, Movant,**

v.

**Ronnie BELCHER, Respondent.**

Supreme Court of Kentucky.

Nov. 2, 1982.

Steven L. Beshear, Atty. Gen., Linda Carnes Wimberly, Asst. Atty. Gen., Frankfort, for movant.

Thomas W. Goodman, Jr., Pikeville, for respondent.

STERNBERG, Justice.

Respondent Ronnie Belcher was indicted by the Pike County Grand Jury for three counts of intimidating a witness (KRS 524.-040). He was tried and convicted on May 7, 1981, and sentenced to five years' confinement in the penitentiary on each count; however, the trial judge provided that the sentences were to run concurrently. The Court of Appeals affirmed in part and reversed in part. The conviction on the count charging intimidation of Charles Simpkins was affirmed; the other two counts charging intimidation of Retha Gail Wright and Henry Wright were reversed. The motion of the Commonwealth for a review was granted by this court on June 8, 1982.

Ronnie Belcher had been indicted for two offenses of arson. While awaiting trial, at which he was acquitted, Belcher, in the home of Charles Simpkins and in his presence and also in the presence of Douglas R. Wright, Donald Wright and Doug Wright, was alleged to have said that he would kill Retha Gail Wright and Henry Wright and anybody else that swore against him in court. All four of these persons testified that this statement, in substance, was made by respondent Belcher. Neither Retha Gail Wright nor Henry Wright was present when this threat was made. It was told to them by Charles Simpkins, who, as above set out, was present and heard respondent make the threat. Neither Retha Gail Wright nor Henry Wright testified at the arson trial.

The sole and only issue is whether respondent was properly indicted and convicted of three counts of intimidating a witness under KRS 524.040. Respondent takes the position that the facts would only warrant a one-count indictment rather than a three-count indictment. On the other hand, the Commonwealth takes the position that KRS 524.040 permits the prosecution of separate offenses for each person to whom the threat is directed. The trial court concurred with the contention of the Commonwealth. The Court of Appeals concurred with the argument of respondent and reversed his convictions on the threats against Retha Gail Wright and Henry Wright. The Court of Appeals wrote that the single act of Belcher in threatening three witnesses should constitute one offense under KRS 524.040.

KRS Chapter 504 deals with "Interference with Judicial Administration." There could hardly be a greater interference with judicial administration than causing a person not to give testimony, thereby denying the court and the jury the benefit of the witness' knowledge of competent facts, possibly bringing about a grave miscarriage of justice. This statute is designed for the protection of a witness, not for the protection of property. The threat was directed at three separate and distinct individuals.

This court has long held that when crimes against a person are involved, they are separate and distinct crimes when directed at separate and distinct persons. As far back as 1892 this court wrote in *Keeton v. Commonwealth,* 18 S.W. 359, 92 Ky. 522, 13 K.L.R. 748:

> "The appellant further insists that the act of robbery, if committed, was but one offense, and the pistol having been pointed at both Salyers and Han at the same time, and the property of each surrendered at the same time, the verdict and judgment in the one case was properly pleaded in bar to the other. We can not concur with counsel in this view of the law. If the party is guilty it is robbery from the person of each of the owners of this property, as much so as if the accused had gone to the one and taken from him his property and then to the other, and the fact that the pistol was drawn on each at the same time and the property delivered at once does not make the offense a unit. It was an assault on each and a robbery from the person for which an indictment in both cases can be maintained. . . ."

Insofar as joining the three offenses in one indictment, we are guided by RCr 6.18,

which provides that "... or two (2) or more offenses whether felonies or misdemeanors, or both, may be charged in the same indictment in a separate count for each offense, if the offenses are of the same or similar character or are based on the same acts or transactions connected together or constituting parts of a common scheme or plan."

We are of the opinion that the single act of threatening three persons constitutes three separate criminal acts and may be joined in one indictment.

The decision of the Court of Appeals is reversed insofar as it reverses the convictions of Belcher under Counts two and three of the indictment. The action of the Pike Circuit Court is affirmed in all respects.

STEPHENS, C.J., and AKER, O'HARA, PALMORE, STEPHENSON and STERNBERG, JJ., sitting.

All concur.